

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

May 10, 1948

Hon. E. V. Spence, Chairman
Board of Water Engineers
Austin, Texas

Opinion No. V-564

Re: Authority of Board of
Directors of Water Con-
trol & Improvement Dis-
trict to call special
election to fill vacancy
occurring on the Board.

Dear Sir:

Your letter of April 20, 1948, requests our
opinion on the following matter:

"Organization of Harris County Water
Control and Improvement District No.13
was authorized by this-Board and five
temporary directors designated.

"The Board now has four members. It
is unable to agree as to the fifth
member. The question is, can the
Board hold a special election under
the Laws of the State of Texas to
place a fifth man on the Board?"

The District was organized by your Board by
order entered November 2, 1946. Although your letter
is subject to the interpretation that the District is
operating through the temporary Board of Directors ap-
pointed by the Board of Water Engineers, we understand
that the District has been confirmed as required by
Article 7880-23, V. C. S., and that it is presently
operating through permanent directors duly elected and

qualified as required by Article 7880-25.  The question is whether a special election may be held to fill a vacancy on the permanent Board created by the resignation of one director.  The Legislature has made provision for this situation in Article 7880-38, which provides as follows:

> "All vacancies in the office of the director and other officers shall be filled by appointment by the board of directors for the unexpired term.  In the event the number of directors shall be reduced to less than three then the remaining director or directors shall call a special election to f'll said vacancies, and if they shall fail to do so within fifteen days after such vacancies occur the judge of any district court within the jurisdiction of which any part of such district may be situated, upon petition of any voter or creditor thereof may order the holding of such election, fixing the date thereof, and order the publication of notice thereof by any county sheriff and name the officers to hold such election.  In any such election held by order of a district judge the returns of an election shall be made to and filed in the office of the clerk of the court and he shall declare the result thereof.  The officers elected shall furnish bond and qualify in the manner provided herein with reference to directors first appointed for a district upon its organization.  (Acts 1925, 39th Leg. Ch.25, p. 96 § 38)."

The matter of filling vacancies is fully and clearly covered by the above article.  In the event that there are less than three vacant places, the remaining members of the Board are directed to fill the vacant place or places for the unexpired term or terms by appointment.  In the event there are as many as three vacant places, the remaining members are directed to call a special election to fill the vacancies and

if they fail to do so within 15 days after the vacancies occur, provision is made under which the District Judge may call the election.

The authority to hold elections is a political matter and can only exist by virtue of some authority conferred by law. An election held without affirmative constituional or statutory authority is well recognized as being a nullity. The rule is stated in 18 Am. Jur., page 243, as follows:

"There is no inherent right in the people, whether of the state or of some particular subdivision thereof, to hold an election for any purpose. Such action may be taken only by virtue of some constitutional or statutory enactment which expressly or by direct implication authorizes the particular election. The rule is firmly established that an election held without authority of law is void, even though it is fairly and honestly conducted."

See, also, 29 C.J.S. 90; 16 Tex. Jur. 18; Stephens v. Dodd, (Civ. App.), 243 S. W. 710; Countz v. Mitchell (Com. App., opinion adopted by Sup. Ct.) 38 S. W. (2) 770, 773, 774; Williams v. Glover (Civ. App.) 259 S.W. 957; Coffee v. Lieb (Civ. App.) 107 S. W. (2) 406, 409; Smith v. Morton Independent School District (Civ. App., writ dismissed) 85 S.W. (2) 853.

The Legislature has not provided means by election for filling vacancies occurring in the number outlined in your letter. On the contrary, it has expressly considered the matter and has provided that such vacancies shall be filled by appointment.

We have been advised that the District in question is hopelessly deadlocked on all matters, two for and two against any decisions required by the Board. Under these circumstances, it is very difficult for us to say that the remaining members of the Board, assuming that they can agree to a special election, have no authority

to call such an election, to be followed by appointment under Art. 7880-38 of the person receiving the largest vote. Nevertheless, the authorities are clear as to the effect of such an election and it is our opinion that neither the special election nor the expense incidental thereto would be authorized. No doubt the remaining members of the Board may test the public will by some sort of straw vote provided it is free of expense to the District, but this is not the question. What we have been called on to decide and we do decide is that there is no authority under the present circumstances to call a special election under the laws of the State of Texas. A special election under Art. 7880-38 would only be valid and authorized if two more vacancies occurred on the Board, in which case the remaining two members would come squarely within the election provisions of Art. 7880-38.

### SUMMARY

The remaining four members of the five member board of directors of Harris County Water Control and Improvement District No. 13 have no authority to call a special election to fill the fifth place. Article 7880-38, V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          H. D. Pruett, Jr.
                    Assistant

HDP:bt

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL